## Commonwealth v. Baker

354

*Douglas W. Ferguson*, for Commonwealth.
*J. Wesley Rowden*, for defendant.

SPATARO, *J.*, January 13, 2010—The defendant, Douglas J. Baker, was convicted after a jury trial of delivery of a controlled substance and possession with intent to deliver on June 17, 2009. The defendant was sentenced on August 24, 2009 to a period of incarceration for a minimum term of 24 months to a maximum term of 48 months. On August 24, 2009, the defendant filed a timely post-sentence motion in which the defendant sought a judgment of acquittal or a new trial. Argument was held on the defendant's post-sentence motion on September 28, 2009. At the time set for argument, defendant requested an opportunity to file an amendment to the post-sentence motion, which was granted. On October 5, 2009, the defendant filed an additional post-sentence motion and a brief in regard to the same.

The trial on June 8, 2009 ended with the court declaring a mistrial after one of the Commonwealth's witnesses, Brandon Greenawalt, provided a non-responsive and prejudicial answer to a question in which he alluded to prior drug activity of the defendant. Mr. Greenawalt was the confidential informant who made a controlled buy of three oxycodone pills from the defendant. Defen-

dant asserts that the court should have done more than just declare a mistrial, and should, instead, have dismissed the case after defense counsel, Attorney Jeffrey Misko, moved for a mistrial. Defendant claims that the Commonwealth secured an advantage over him as a result of the mistrial because it was then able to correct the mistakes made in the first trial.

There were three mistakes made in the first trial. The first related to an inculpatory statement that the defendant made at the preliminary arraignment to the arresting officer, Brian J. Joseph; a statement that the assistant district attorney, Douglas Ferguson, did not know about until Attorney Misko informed him. The second mistake related to the aforementioned unexpected statement made by Mr. Greenawalt. The third mistake related to the failure on the part of the Commonwealth to provide defense counsel with a copy of Mr. Greenawalt's written statement that was prepared as part of the police investigation.

Defendant raises several challenges in his post-sentence motion and additional post-sentence motion, all of which we find to be meritless. We will now address the various challenges raised by the defendant in seriatim.

(1) *Defendant contends that the Commonwealth did not provide mandatory discovery prior to trial, and only provided it after the first trial concluded in a mistrial; therefore, defense counsel did not have the opportunity to completely review the evidence.*

With respect to the inculpatory statement, it must be noted that Attorney Misko was the first to mention the

inculpatory statement during a discussion between this court and counsel immediately prior to trial. (T.T. p. 9, June 8, 2009.) Attorney Misko and Officer Joseph had a conversation at the defendant's preliminary hearing. *Id.* Officer Joseph indicated to Attorney Misko that the defendant made a statement to him while he was being arraigned. *Id.* The statement was summarized as the defendant informing Officer Joseph that he had only been selling his own pills. *Id.* Attorney Misko informed the court that this statement was not present in any of the discovery material provided by the Commonwealth, and requested that this statement be precluded from evidence. *Id.* Assistant District Attorney Ferguson informed the court that he did not have prior knowledge of this conversation, and argued that because defense counsel was aware of this statement, it should not be precluded from evidence. *Id.* at 13-15.

This court determined that Officer Joseph should have filed a supplemental police report with the district attorney's office indicating that the defendant had made this inculpatory statement. Furthermore, it was determined that this statement should have been included in the discovery packet given to the defendant if the Commonwealth wished to introduce this inculpatory statement into evidence. Attorney Misko's motion in limine was granted, and Officer Joseph was precluded from testifying about the inculpatory statement at the first trial. Subsequent to the mistrial, Officer Joseph filed a supplemental police report, and defense counsel was provided this supplemental statement through discovery. The court permitted the admission of the inculpatory statement into evidence at the retrial.

We find that the defendant was not prejudiced with regard to this inculpatory statement being introduced into evidence at the retrial. Defendant's counsel was aware of the inculpatory statement prior to Attorney Ferguson becoming aware of the statement, and this court properly precluded the statement from being entered into evidence at the first trial. Defense counsel was provided with Officer Joseph's supplemental statement prior to the retrial and had more than enough time to review the statement, which contained nothing more than the information of which he was already aware. Given that defense counsel was aware of what Officer Joseph's supplemental statement would contain, and had sufficient opportunity to review the statement prior to the retrial, we find no basis for relief with regard to this issue.

Turning to Brandon Greenawalt's written statement, the statement prepared by Mr. Greenawalt was not mentioned during the Commonwealth's direct examination of this witness at the first trial. Mr. Greenawalt mentioned writing a statement after he performed his controlled buy during cross-examination. (Testimony of Brandon Greenawalt, p. 33, June 8, 2009.) Attorney Misko appeared surprised to hear that a statement was prepared by Mr. Greenawalt, but did not engage in any further examination of the issue beyond asking what was in the statement and if he gave the statement to Officer Joseph. *Id.* at 33-34. The Commonwealth through discovery should have provided the statement, prepared by Mr. Greenawalt after the controlled buy, to the defendant; however, any prejudice defendant may have suffered was cured because the court declared a mistrial. The statement

was provided to defense counsel prior to the retrial, and defense counsel had more than enough time to review the statement to sufficiently prepare for the retrial.

(2) *Defendant contends that counsel for the defendant failed to request additional information that may have been important in challenging the officers' credibility, such as booking photos and fingerprints.*

The Pennsylvania Supreme Court has held that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Commonwealth v. Grant,* 572 Pa. 48, 67, 813 A.2d 726, 738 (2002). However, where a defendant acquires new counsel after the verdict, but prior to sentencing, as is the case in the present matter, new counsel may seek a new trial based upon the ineffective assistance of trial counsel in a timely filed post-sentence motion. *Commonwealth v. Hudson,* 820 A.2d 720, 725 (Pa. Super. 2003). At this procedural posture, we must then decide if a hearing is required to address the claim of ineffective assistance of counsel, or if the claim can be resolved by reviewing the existing record. *Hudson,* 820 A.2d at 725. We find that this issue is easily disposed of by reviewing the existing record and a hearing is not required to address the issue.

To prevail on this claim of ineffective assistance of counsel, the petitioner must be able to overcome the presumption that counsel was competent by showing that:

"(1) [petitioner's] claim is of arguable merit;

"(2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and

"(3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." *Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008).

Petitioner's failure to satisfy any one of the three prongs of this test requires that the claim for ineffective assistance of counsel be rejected. *Hammond*, 953 A.2d at 556.

Defendant claims that a new trial is warranted because Attorney Misko failed to request booking photos and fingerprints from the Commonwealth. Defendant contends that these items were necessary to challenge the officers' credibility at trial. We find this claim to be meritless; furthermore, even if there was some merit to this claim, there is no basis for finding that a reasonable probability exists that the outcome would have been different had defense counsel acquired booking photos or fingerprints prior to trial. Attorney Misko effectively challenged the credibility of the officers during cross-examination, when he addressed issues surrounding the controlled buy, the reports filed by the officers, and their involvement with Mr. Greenawalt.

(3) *Defendant contends that defense counsel was prevented from questioning the arresting officer about being on leave for alleged drug use prior to this trial, and was not provided the officer's work files about this leave of absence. Defendant argues that this information was*

*critical to the judge for pretrial issues and to the jury in deciding what weight to give the officer's testimony.*

Admission of evidence is within the sound discretion of the trial court, and a trial court's decision about the relevancy of evidence will not be disturbed absent an abuse of discretion. *Conroy v. Rosenwald,* 940 A.2d 409, 417 (Pa. Super. 2007). The defendant sought the equivalent of a pretrial ruling to allow an examination of Officer Joseph into the defendant's suspicions that Officer Joseph had undergone drug therapy and had been placed on leave of absence for that purpose. Even if true, the court could find no probative value to any such area of inquiry. Defense counsel was vague about the details and could not draw any nexus between these suspicions and a cognizable defense. This court properly ruled that any evidence pertaining to Officer Joseph receiving drug therapy, or being on a leave of absence for any period of time, was irrelevant. Defendant's additional claim that he was entitled to Officer Joseph's personnel files to investigate an alleged leave of absence for drug therapy is also meritless.

(4) *Defendant contends that trial counsel improperly failed to appeal this Court's decision denying his motion to dismiss the case based upon double jeopardy.*

We have addressed the issues surrounding ineffective assistance of trial counsel claims, and the standard for addressing such claims in the context of post-sentence motions, *supra.* Attorney Misko was effective in his effort to try and convince this court that Attorney Ferguson, on behalf of the Commonwealth, had intentionally engaged in prosecutorial misconduct in an effort to preju-

dice the defendant and deny him a fair trial. After careful review, this court properly concluded that the record did not reflect any intentional conduct by Attorney Ferguson. The Commonwealth's witness, Mr. Greenawalt, offered a non-responsive statement that was prejudicial to the defendant. In an abundance of caution, this court declared a mistrial, although a curative instruction may have been sufficient to remedy the matter. There was no basis for finding intentional conduct on the part of Attorney Ferguson, so there is no merit to the contention that Attorney Misko was ineffective for failing to file an appeal of this court's decision to deny his motion to dismiss based upon double jeopardy. Such conduct on the part of Attorney Misko would not have changed the outcome, as there was no reasonable basis for such an appeal.

(5) *Defendant also filed an additional post-sentence motion contending that this court erred in handling the confusion juror no. 2 had during the polling of the jury.*

Defendant contends that after the jury returned a verdict of guilty, an issue arose during the polling of the jury. When juror no. 2 was polled about Count 2, possession with intent to deliver, juror no. 2 responded by saying "not guilty". (T.T., pp. 96-97, June 17, 2009.) The tipstaff then informed the court that juror no. 2 might have had trouble hearing the question, so this court provided a brief instruction to the jurors about the polling process. *Id.* After the instruction, juror no. 2 informed the court that he could not remember how the jurors voted on the charges. *Id.* at 98-99. Juror no. 2 was then shown the verdict slip to determine if he was in agree-

ment with the findings of guilt or innocence with respect to all four counts. *Id.* After referring to the verdict slip, juror no. 2 was able to proceed with the polling process. *Id.*

The defendant contends that this was error by the court, and that the jury should have continued with their deliberations until the confusion of juror no. 2 was remedied. The defendant argues that by showing juror no. 2 the verdict slip, the polling process was ineffective.

Either party has an undisputed right to poll the jury, and the denial of the right to poll the jury constitutes reversible error warranting a new trial. *Commonwealth v. Pacini,* 224 Pa. Super. 497, 499, 307 A.2d 346, 347 (1973), citing *Commonwealth v. Martin,* 379 Pa. 587, 592-93, 109 A.2d 325, 327-28 (1954). "[A] juror's initial ambiguous, inconsistent, or evasive answer to a poll does not vitiate unanimity so long as a subsequent answer or further interrogation indicates clear and unequivocal assent to the majority vote, and there is no evidence of involuntariness or coercion." *Commonwealth v. Hall,* 267 Pa. Super. 204, 214, 406 A.2d 765, 770 (1979). The defendant was not denied his right to poll the jury, and the confusion of juror no. 2 does not indicate whatsoever that he disagreed with the majority. Juror no. 2 was temporarily confused by the verdict and this was remedied when he was shown the verdict slip and subsequently indicated in an unambiguous and unequivocal manner that he found the defendant guilty of Count 2, possession with intent to deliver. Nothing in the record indicates that juror no. 2 was in disagreement with the verdict, or had substantial doubt with regard to his determinations of guilt or innocence.

Accordingly, we enter the following order:

## ORDER

And now, January 13, 2010, for the reasons set forth in the foregoing memorandum, the following is ordered:

(1) The defendant's post-sentence motion and additional post-sentence motion are denied.

(2) The defendant is advised that he has a right to file an appeal to the Superior Court. Any such appeal must be filed within 30 days from this date or these matters become final.

(3) The defendant has the right to assistance of counsel in the preparation of an appeal if he chooses to engage in his right to appeal. If defendant cannot afford counsel of his own, he has the right to appeal in forma pauperis and counsel will be appointed for purpose of the appeal.